# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN SOUTHERNDIVISION

RODNEY STAFFORD,               )
                               )
       Plaintiff,          )
                               )
    v.                       )   Case No. 17-003062-CV-S-RK
                               )
LAWING FINANCIAL, INC. and     )
KERRY LAWING,                  )
                               )
       Defendants.         )

## ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. 9.) Defendants Lawing Financial, Inc. ("Lawing Financial") and Kerry Lawing ("Lawing") oppose the motion. (Doc. 14.) For the reasons stated below, the motion will be **GRANTED**.

## Background

Plaintiff filed his Petition (doc. 1-1) in the Circuit Court of Greene County, Missouri on January 24, 2017. In the Petition, Plaintiff states that he was an employee of Lawing Financial. (*Id*. at ¶ 8.) He claims that during said employment, Lawing Financial sued Plaintiff's former employer, Nadia Cavner ("Ms. Cavner"). (*Id*. at ¶ 6.) Plaintiff alleges that John Shaw ("Mr. Shaw"), Defendants' attorney, interviewed him regarding said lawsuit. (*Id*. at ¶¶ 5, 18.) According to Plaintiff, Mr. Shaw, acting on behalf of both Defendants as their agent, "vigorously interrogated [him] and repeatedly sought to induce [him] to testify falsely about Ms. Cavner… ." (*Id*. at ¶ 19.) He claims that "Mr. Lawing and Lawing Financial used their position of power and authority to coerce and intimidate [him] to give false statements so they could maintain and support" the lawsuit against Ms. Cavner. (*Id*. at ¶ 15.) Plaintiff alleges he "feared for his job and well-being while being interrogated," and "due to the extreme stress and anxiety being imposed upon [him] at that time by Mr. Shaw and others acting on behalf of the Defendants" he "suffered a massive heart attack." (*Id*. at ¶ 20.) The Petition raises four counts in tort against both Defendants as follows: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) negligence per se violation of RSMo § 575.270, witness tampering; and (4) negligence.

On March 6, 2017, Defendants removed the action to this Court based on diversity jurisdiction, claiming Plaintiff, a Missouri resident, fraudulently joined Lawing, also a Missouri resident, to prevent removal. Plaintiff now moves for remand to state court, arguing this Court lacks subject-matter jurisdiction.

**Legal Standard**

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Furthermore, any doubts about the propriety of removal should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

When a plaintiff has named a non-diverse party as a defendant, the defendant may avoid remand only by showing that the non-diverse party was fraudulently joined. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003) (citation omitted). Joinder is fraudulent "[w]here applicable state precedent precludes the existence of a cause of action against a defendant." *Id*. at 10. "However, if there is a colorable cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder." *Id*. (citation and internal quotations omitted). Therefore, joinder is fraudulent "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citation omitted).

**Discussion**

Plaintiff contends that the facts alleged in the Petition support his causes of action against Lawing, and as a result, complete diversity is lacking. Thus, according to Plaintiff, the Court lacks subject-matter jurisdiction over the case, which must be remanded to state court. Defendants counter that there is no factual basis to support a claim against Lawing, because neither Mr. Shaw nor Lawing Financial were the agent of Lawing. In support, Defendants have provided the Declarations of Lawing (doc. 1-2) and Mr. Shaw (doc. 1-3) stating that Mr. Shaw did not personally represent Lawing during the relevant time period. Essentially, Defendants

have provided additional facts of their own in an effort to show that Plaintiff's claims against Lawing are factually unsupported.

However, in determining whether subject-matter jurisdiction exists following removal, the Court "must accept the facts alleged in the state court Petition as true." *Hragyil v. Walmart Stores East LP*, No. 15-6015-CV-SJ-ODS, 2015 WL 12843193 at *2 (W.D. Mo. Mar. 31, 2015) (*citing Wilkinson v. Shackleford*, 478 F.3d 957, 964 (8th Cir. 2007)). Joinder is fraudulent "if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). Here, the Petition alleges that "[a]t all times herein pertinent, attorney John Shaw was acting within the scope of his agency as legal counsel for Defendant Lawing Financial and/or Lawing." (Doc. 1-1 at ¶ 5.) The Petition further claims:

> [b]oth Lawing and Lawing Financial were personally and financially interested in the successful outcome of the [] lawsuit and retained counsel, Mr. Shaw, to among other things, investigate, file and prosecute the [] lawsuit [and] intended that Mr. Shaw interview witnesses and obtain from them favorable testimony in support of Lawing Financial's litigation claims."

(*Id*. at ¶ 13.) Thus, Plaintiff has set forth factual assertions in support of his claim that Mr. Shaw was acting as the agent for both Lawing Financial and Lawing. Although Defendants disagree with these factual assertions, the Court lacks the authority to resolve such a dispute unless and until it has subject-matter jurisdiction. *See e.g. Hragyil*, 2015 WL 12843193 at *2.

Additionally, and irrespective of Lawing's relationship with Mr. Shaw and/or Lawing Financial, the Petition alleges that "Mr. Lawing…coerce[d] and intimidate[d] the Plaintiff to give false statements… ." (Doc. 1-1 at ¶ 15.) Accordingly, the Court finds Defendants have failed to show there is no reasonable basis in fact and law supporting Plaintiff's claims against Lawing, and as a result, Lawing was not fraudulently joined. Accordingly, because both Plaintiff and Lawing are residents of Missouri, complete diversity of the parties is absent, the Court lacks subject-matter jurisdiction, and the case must be remanded.

## **Conclusion**

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion to Remand (doc. 9) is **GRANTED** and this case is remanded to the Circuit Court of Greene County, Missouri for further proceedings.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 12, 2017